Fredric Paul Gallin - ID #1840230
METHFESSEL & WERBEL, ESQS.
450 Seventh Avenue, Suite 1400
New York, NY 10123
212-947-1999
Fax 212-947-3332
gallin@methwerb.com
Attorneys for Action Environmental Group
Our File No.  85115 FPG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| DAVID BRAVO | CIVIL ACTION NO:   1:17-6833 |
|---|---|
| Plaintiff, | |
| V. | |
| ACTION ENVIRONMENTAL GROUP, ACTION CARTING ENVIRONMENTAL SERVICES, INC., ACTION ENVIRONMENTAL SOLUTIONS, LLC, ACTION ENVIRONMENTAL SYSTEMS, LLC | **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** |
| Defendants. | |

**PLEASE TAKE NOTICE** that Defendant, ACTION ENVIRONMENTAL GROUP, hereby file this Notice of Removal of the above-captioned matter to the United States District Court-Southern District of New York from the Supreme Court of New York, County of Bronx, where the action is now pending, pursuant to 28 U.S.C. Sec. 1446 and state:

1. Action Environmental Group, Action Carting Environmental Services, Inc., Action Environmental Solutions, L.L.C. and Action Environmental Systems, L.L.C. are Defendants in the above-captioned matter.

2. The action is a civil action commenced in the Supreme Court of New York-County of Bronx under Index Number 17005/2017E and is pending therein.

3. Because of the following facts Defendant, Action Environmental Group requests that this action proceed in this Court as an action properly removed to it:

   A. In the Complaint, Plaintiff is a resident of the State of New York, with Plaintiff, David Bravo, residing in the County of Queens in New York. Plaintiff has filed suit against Defendants, New Jersey Corporations whose principal places of business are in the State of New Jersey.

   B. This Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between individuals and/or entities of different states.

C.  Accordingly, this action may be removed by Defendant, Action Environmental Group under 28 U.S.C. § 1441.

4.  Thirty days have not elapsed since the service of the Complaint upon the Defendants in state court.

5.  Copies of all process, pleadings, and orders served upon defendants are attached to this Notice of Removal, in accordance with 28 U.S.C. § 1446.

6.  Concurrent with the filing of this Notice of Removal, Defendant, Action Environmental Group is providing written notice to all parties and the Clerk of Court of the Supreme Court of New York, County of Bronx pursuant to 28 U.S.C. § 1446.

WHEREFORE, Defendant, Action Environmental Group requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Defendant, Action Environmental Group

By:_____
Fredric Paul Gallin

DATED: September 7, 2017

INDEX # 27005/2017E    DATE FILED 07/31/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
DAVID BRAVO,

                                 Plaintiff,

- against -

ACTION ENVIRONMENTAL GROUP,
ACTION CARTING ENVIRONMENTAL SERVICES, INC.,
ACTION ENVIRONMENTAL SOLUTIONS, LLC,
ACTION ENVIRONMENTAL SYSTEMS, LLC,

                                 Defendants.
-----------------------------------------------------------------X

Plaintiff designates
BRONX COUNTY
as the place of trial

**SUMMONS**
Basis of Venue
Defendant's Place of Business

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        New York, New York
               July 28, 2017

                                    **MELCER NEWMAN PLLC**

                         By:   _____
                                  Jeffrey B. Melcer, Esq.
                                  Attorneys for Plaintiff
                                  111 John Street, Suite 1500
                                  New York, New York 10038
                                  (212) 980-8470

**DEFENDANTS' ADDRESSES**:

| | |
|---|---|
| Action Environmental Group<br>4301 Taggart Creek Road<br>Charlotte, North Carolina 28208 | Action Environmental Solutions, LLC<br>300 Frank West Burr Blvd., Suite 39<br>Teaneck, New Jersey 07666 |
| Action Carting Environmental Services, Inc.<br>Ronald Bergamini<br>300 Frank West Burr Blvd.,<br>Teaneck, New Jersey 07666 | Action Environmental Systems, LLC<br>C/o Action Carting Environmental Services, Inc.<br>300 Frank West Burr Blvd., Suite 39<br>Teaneck, New Jersey 07666 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
DAVID BRAVO,

                Plaintiff,

-against-                                                            **VERIFIED COMPLAINT**

ACTION ENVIRONMENTAL GROUP,
ACTION CARTING ENVIRONMENTAL SERVICES, INC.,   Index No. 27005/2017E
ACTION ENVIRONMENTAL SOLUTIONS, LLC,
ACTION ENVIRONMENTAL SYSTEMS, LLC,

                Defendants.
------------------------------------------------------------------X

      Plaintiff DAVID BRAVO, by his attorneys MELCER NEWMAN PLLC, complaining of defendants ACTION ENVIRONMENTAL GROUP, ACTION CARTING ENVIRONMENTAL SERVICES, INC., ACTION ENVIRONMENTAL SOLUTIONS, LLC, and ACTION ENVIRONMENTAL SYSTEMS, LLC, all upon information and belief, respectfully alleges:

    1.    That upon information and belief at all times herein mentioned, plaintiff DAVID BRAVO was and is a resident of the County of Queens, City and State of New York.

    2.    That upon information and belief and at all times herein mentioned, defendant ACTION ENVIRONMENTAL GROUP (hereinafter referred to as "ACTION ENVIRONMENTAL") was a foreign business corporation authorized to do business in the State of New York under and by virtue of the laws of the State of New York.

    3.    That upon information and belief and at all times herein mentioned, defendant ACTION CARTING ENVIRONMENTAL SERVICES, INC., (hereinafter "ACTION CARTING") was a domestic business corporation with a registered domicile of New York, New York and places of business in Bronx County, State of New York.

4. That upon information and belief and at all times herein mentioned, defendant ACTION ENVIRONMENTAL SOLUTIONS, LLC (hereinafter "ENVIRONMENTAL SOLUTIONS") was a domestic limited liability company with a registered domicile of Bronx, New York as well as places of business in Bronx County, State of New York.

5. That upon information and belief and at all times herein mentioned, defendant ACTION ENVIRONMENTAL SYSTEMS, LLC (hereinafter "ENVIRONMENTAL SYSTEMS") was a domestic limited liability company with a registered domicile of Bronx, New York as well as places of business in Bronx County, State of New York.

6. That upon information and belief and at all times herein mentioned, defendant MOHAMED E. YUSEF was and is an employee of ACTION ENVIRONMENTAL.

7. That upon information and belief and at all times herein mentioned, defendant MOHAMED E. YUSEF was and is an employee of ACTION CARTING.

8. That upon information and belief and at all times herein mentioned, defendant MOHAMED E. YUSEF was and is an employee of ENVIRONMENTAL SOLUTIONS.

9. That upon information and belief and at all times herein mentioned, defendant MOHAMED E. YUSEF was and is an employee of ENVIRONMENTAL SYSTEMS.

10. That upon information and belief at all the times herein mentioned, defendant ACTION ENVIRONMENTAL owned a certain sanitation truck operated by defendant MOHAMED E. YUSEF.

11. That upon information and belief at all the times herein mentioned, the defendant ACTION CARTING owned a certain sanitation truck operated by defendant MOHAMED E. YUSEF.

12. That upon information and belief at all the times herein mentioned, the defendant ENVIRONMENTAL SOLUTIONS owned a certain sanitation truck operated by defendant MOHAMED E. YUSEF.

13. That upon information and belief at all the times herein mentioned, the defendant ENVIRONMENTAL SYSTEMS owned a certain sanitation truck operated by defendant MOHAMED E. YUSEF.

14. That upon information and belief and at all times herein mentioned, defendant ACTION ENVIRONMENTAL, by its agents, servants and/or employees, including but not limited to defendant MOHAMED E. YUSEF, operated, managed, maintained, controlled and supervised said sanitation truck.

15. That upon information and belief and at all times herein mentioned, defendant ACTION CARTING, by its agents, servants and/or employees, including but not limited to defendant MOHAMED E. YUSEF, operated, managed, maintained, controlled and supervised said sanitation truck.

16. That upon information and belief and at all times herein mentioned, defendant ENVIRONMENTAL SOLUTIONS, by its agents, servants and/or employees, including but not limited to defendant MOHAMED E. YUSEF, operated, managed, maintained, controlled and supervised said sanitation truck.

17. That upon information and belief and at all times herein mentioned, defendant ENVIRONMENTAL SYSTEMS, by its agents, servants and/or employees, including but not limited to defendant MOHAMED E. YUSEF, operated, managed, maintained, controlled and supervised said sanitation truck.

18. That defendant ACTION ENVIRONMENTAL had a duty to properly hire, train, monitor, supervise and/or otherwise control all persons/employees working on said sanitation truck, including but not limited to defendant MOHAMED E. YUSEF.

19. That defendant ACTION CARTING had a duty to properly hire, train, monitor, supervise and/or otherwise control all persons/employees working on said sanitation truck, including but not limited to defendant MOHAMED E. YUSEF.

20. That defendant ENVIRONMENTAL SOLUTIONS had a duty to properly hire, train, monitor, supervise and/or otherwise control all persons/employees working on said sanitation truck, including but not limited to defendant MOHAMED E. YUSEF.

21. That defendant ENVIRONMENTAL SYSTEMS had a duty to properly hire, train, monitor, supervise and/or otherwise control all persons/employees working on said sanitation truck, including but not limited to defendant MOHAMED E. YUSEF.

22. That on August 8, 2016, plaintiff was lawfully at or about Lorimar Street, Brooklyn, New York, which is a public street, when he was caused to suffer severe personal injuries due to the negligence, gross negligence, carelessness and recklessness of defendants, some, one or all of them together, by their agents, servants and/or employees, more specifically defendant MOHAMED E. YUSEF, all of whom were acting within the scope of their authority and within the scope and in furtherance of their employment with defendant and/or defendants.

23. That on August 8, 2016, while plaintiff was lawfully at or about Lorimar Street, Brooklyn, New York, defendant MOHAMED E. YUSEF attacked plaintiff in the furtherance of his employment with defendants, some, one or all of them.

24. That upon information and belief, at all times herein mentioned the said attacker, defendant MOHAMMED E. YUSEF, was an employee, agent and/or servant of defendant and/or defendants and acting either mistakenly or expressly within the scope of his employment with defendants, some, one or all of them in that said defendants either authorized defendant MOHAMMED E. YUSEF to use whatever means necessary to perform his employment tasks or failed to properly train defendant MOHAMED E. YUSEF in the performance of his employment

tasks or negligently hired and or supervised and or retained defendant MOHAMMED E. YUSEF despite knowledge and notice of his violent propensities.

25. That on August 8, 2016, while plaintiff was lawfully in and about the aforesaid Lorimer Street and without any culpable conduct on his part contributing thereto, plaintiff was, without provocation, viciously attacked and assaulted by defendant MOHAMMED E. YUSEF who was acting on behalf of defendants, some, one or all of them as aforesaid, thereby sustaining grievous personal injuries and attendant damage, all due to the negligence and carelessness of defendants, some, one or all of them, their agents, servants and/or employees, in the hiring, supervising and training unsuitable personnel; in allowing and permitting said employees to remain in its employ, having notice and knowledge of said employee dangerous activities and vicious propensities, and in generally being reckless and careless in the conduct of their business.

26. That plaintiff's injuries resulting therefrom were solely and wholly caused by the negligence, gross negligence, carelessness and recklessness of defendants, some, one or all of them, their agents, servants and/or employees, in failing to hire employees who possess the requisite emotional, psychological, and social behavior to carry out the affairs of defendants, in failing to establish the rules and regulations for defendants' agents, servants and/or employees concerning the proper hiring of agents, servants and/or employees, in failing to research the background of its agents, servants and/or employees, in failing to properly train their agents, servants and/or employees, in hiring unsuitable individuals and or entities, in hiring persons with known violent or criminal tendencies, in willfully and carelessly failing to hire, train and supervise proper and sufficient and competent personnel, in willfully, negligently, carelessly and recklessly failing to halt the infliction of injuries on the plaintiff.

27. That the said occurrence and the injuries resulting therefrom were caused and/or precipitated by reason of the negligence and carelessness of defendants, some, one or all of them, their agents, servants and/or employees in that they negligently caused, allowed said employees to remain in its employ, having notice and knowledge of said employees' dangerous activities and vicious propensities.

28. That by reason of the foregoing, plaintiff became sick, sore, lame and/or disabled; sustained severe injuries to various parts of the body; suffered and will continue to suffer great pain and anguish in body and mind; received necessary hospitalization; has received, is receiving and will continue to receive medical treatment and medicines in an endeavor to heal said injuries, and for which expenses have, are and will continue to be incurred; was rendered unable to attend to usual duties and lifestyle as theretofore done; and, upon information and belief, the plaintiff's injuries are permanent, protracted and disabling in nature, all to his damage in an amount exceeding the jurisdictional limits of all lower courts of co-ordinate jurisdiction, the final amount to be determined at trial.

29. That said defendants' conduct some, one or all of them, by their employee defendant MOHAMMED E. YUSEF was willful, reckless and in total disregard for the safety and welfare of the public, encouraged or permitted by defendants or otherwise tolerated by defendants and each of defendants knew or should have known that their actions would result in harm, shock and outrage to plaintiff and public at large and each of defendants should have known that their actions would result in humiliation of plaintiff and each of defendants knew or should have known that their actions were outrageous and each of defendants are liable to plaintiff for punitive damages in the amount to be proven at trial.

30. That this action falls within one (1) or more of the exceptions contained in CPLR Section 1602.

**WHEREFORE**, plaintiff demands judgment against defendants, in a sum that exceeds the jurisdiction of all lower courts with coordinate jurisdiction of the matter herein together with the costs and disbursements of this action.

Dated: New York, New York
July 28, 2017

Yours, etc.

_____
MELCER NEWMAN PLLC
Attorneys for Plaintiff
111 John Street, Suite 1500
New York, New York 10038
(212) 980-8470
By: Jeffrey B. Melcer, Esq.

## ATTORNEY VERIFICATION

I, the undersigned, an attorney admitted to practice law before the Courts of New York State, hereby deposes and says under penalty of perjury:

1. That I am the attorney admitted of record for the plaintiff in the within action; that I have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

2. The reason this verification is made by me and not by plaintiff is that deponent maintains offices outside the county in which plaintiff resides.

3. That the grounds of my belief as to all matters not stated upon my own knowledge are as follows: entire file maintained in your despondent's offices; investigations, conversations with plaintiff, etc.

4. I affirm that the foregoing statements are true under the penalties of perjury.

Dated:    New York, New York
          July 28, 2017

_____
JEFFREY B. MELCER, ESQ.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
-------------------------------------x
DAVID BRAVO

                           Plaintiff/Petitioner,

    -against-                                    Index No. 27005/2017E

ACTION ENVIRONMENTAL GROUP, ACTION
CARTING ENVIRONMENTAL SERVICES, INC.,

                           Defendant/Respondent.
-------------------------------------x

### NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in efiling.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 07/31/2017

*Jeffrey Melcer*
Signature

JEFFREY BRIAN MELCER
Name

Melcer Newman, PLLC
Firm Name

111 JOHN STREET, SUITE 1500
Address

NEW YORK, NY 10038
City, State, and Zip

212 980 8470
Phone

jbm@melcer-law.com
E-Mail

To: Action Carting Environmental Services, Inc.,
Ronald Bergamini
300 Frank West Burr Blvd.,
Teaneck, New Jersey 07666

9/3/15

Index #          Page 2 of 2          EFM-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
DAVID BRAVO,

                              Plaintiff,

      -against-

ACTION ENVIRONMENTAL GROUP,
ACTION CARTING ENVIRONMENTAL SERVICES, INC.,
ACTION ENVIRONMENTAL SOLUTIONS, LLC,
ACTION ENVIRONMENTAL SYSTEMS, LLC,

                            Defendants.
-----------------------------------------------------------------------X

Index No.: 27005/2017E

## SUMMONS and VERIFIED COMPLAINT

**MELCER NEWMAN PLLC**
*Attorneys for Plaintiff*
Office Address, telephone:
111 John Street, Suite 1500
New York, New York 10038
Phone: 212.980.8470
Facsimile: 212.980.8256

PURSUANT TO 22 NYCRR 130.1., THE UNDERSIGNED, AN ATTORNEY ADMITTED TO PRACTICE IN THE COURTS OF THE STATE OF NEW YORK, CERTIFIES THAT, UPON INFORMATION AND BELIEF AND REASONABLE INQUIRY, THAT CONTENTIONS CONTAINED IN THE ANNEXED DOCUMENT ARE NOT FRIVOLOUS

Dated:  New York, New York
          July 31, 2017

                                          By: JEFFREY B. MELCER, ESQ.

Please take Notice:

**Notice of Entry**
That the within is a true [certified] copy
of a _____ duly entered in the
office of the clerk of the within named

on _____
at _____

**Notice of Settlement**
PLEASE TAKE NOTICE that the within proposed
_____ will be presented for settlement &
signature to the Hon _____ one of the Judges of the Courthouse
within named Courthouse

on _____
at _____

Dated:

                    Yours etc,
                    **MELCER NEWMAN PLLC**
Attorneys for:   PLAINTIFF
                    111 John Street, Suite 1500, New York, NY 10038
                    Phone: 212.980.8470; Facsimile: 212.980.8256

## CERTIFICATE OF MAILING

The undersigned hereby certifies as follows:

1. I am employed by the law firm of Methfessel & Werbel.

2. On September 7, 2017, the undersigned prepared and forwarded copies of the Notice of Removal to Federal Court to the following parties:

**Send via Overnight Mail**
Clerk, United States District Court
Southern District of New York
US Courthouse
40 Foley Square
New York, NY 10007-1581

**Overnight Mail**
Jeffrey B. Melcer, Esq.
Melcer Newman PLLC
111 John Street, Suite 1500
New York, NY 10038

Clerk, Bronx County Supreme Court
851 Grand Concourse
Room 118
Bronx, NY 10451

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Terri Selover*
Terri Selover